FILED
OCT 05 2026
CLERK, U.S. DISTRICT COURT
TEXAS EASTERN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **JUSTIN TATUM,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 490 |
| v. | § | |
| | § | |
| **CITY LAW GROUP, P.C.; and JOHN DOE d/b/a NATIONAL ADVISORY CENTER,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Justin Tatum ("Plaintiff"), proceeding pro se, files this Original Complaint against Defendants City Law Group, P.C. ("CLG") and John Doe d/b/a National Advisory Center ("National Advisory Center") (collectively, "Defendants"), and respectfully alleges as follows:

## I. PARTIES

1. Plaintiff Justin Tatum is a natural person residing in Smith County, Texas.

2. Defendant City Law Group, P.C. is, on information and belief, a California professional corporation. The engagement packet CLG transmitted to Plaintiff lists an office at 17875 Von Karman Ave., Suite 150, Irvine, California 92614.

3. Defendant CLG may be served through its registered agent in accordance with Federal Rule of Civil Procedure 4(h).

4. Defendant John Doe d/b/a National Advisory Center is the presently unidentified person or entity that placed, or caused to be placed, the call at issue under the name "National Advisory Center." Plaintiff will seek leave to amend to substitute this Defendant's true name once it is identified through discovery.

## II. JURISDICTION AND VENUE

5. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

6. This Court has supplemental jurisdiction over Plaintiff's Texas-law claims under 28 U.S.C. § 1367 because those claims arise from the same telephone solicitation and form part of the same case or controversy as the TCPA claim.

7. This Court has personal jurisdiction over Defendants because they purposefully directed the call at issue to a Texas telephone number used by a Texas resident, and CLG followed that call by transmitting to Plaintiff in Texas a personalized offer of paid legal services. Plaintiff's claims arise directly from those Texas-directed contacts.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Plaintiff received the call and the resulting engagement packet while located in Smith County, Texas, and a substantial part of the events giving rise to the claims occurred in this District and Division.

## III. FACTUAL ALLEGATIONS

### A. Plaintiff's Telephone Number

9. At all relevant times, Plaintiff was the subscriber and sole user of the cellular telephone number (469) 901-0700.

10. Plaintiff uses that number for personal and household purposes and not for business.

11. Plaintiff's number has been registered on the National Do Not Call Registry since approximately October 2022, more than thirty-one days before the call alleged herein.

12. Plaintiff has never had any business or attorney-client relationship with either Defendant, never requested information about debt-relief or legal services from either Defendant,

and never gave either Defendant, or anyone acting on their behalf, prior express consent or prior express written consent to call his cellular telephone.

**B. The August 10, 2026 Prerecorded Voicemail**

13. On August 10, 2026, at approximately 12:00 p.m., Plaintiff's cellular telephone received a call from (669) 229-3306.

14. The call left a 39-second voicemail in which the speaker identified herself as "Susan from National Advisory Center," stated that Plaintiff had a "preapproval for up to $50,000" for "alternative debt hardship programs," and directed Plaintiff to call 833-333-7502.

15. The voicemail was delivered by an artificial or prerecorded voice. The message was generic and scripted, was delivered in a standardized promotional format, and announced a "preapproval" for a program Plaintiff had never applied for, all of which is characteristic of a prerecorded message broadcast to many consumers at once.

16. The voicemail did not identify CLG. On information and belief, "National Advisory Center" is not the name under which any person or entity responsible for the call is registered to conduct business.

17. The call was made to encourage Plaintiff to purchase debt-related services and was therefore "telemarketing" and a "telephone solicitation" as those terms are defined in 47 C.F.R. § 64.1200(f).

18. Plaintiff preserved the original voicemail and his call-log records of the call.

**C. The Callback and CLG's Engagement Packet**

19. Plaintiff called 833-333-7502 for the sole purpose of identifying the person or entity on whose behalf the unsolicited call had been made.

20. During the resulting communications, Plaintiff was solicited for debt-related services, and those communications culminated in Plaintiff receiving a personalized seventeen-page City Law Group Client Engagement Packet.

21. The packet identifies CLG as the law firm offering representation and describes consultation, advocacy, communications with creditors and collectors, lawsuit defense under stated conditions, and other legal services.

22. The packet states a flat legal fee of $26,065.02 and includes an electronic payment authorization and payment schedule.

23. The packet also includes a Limited Power of Attorney and documents designed to establish an attorney-client relationship between Plaintiff and CLG upon execution.

24. The solicitation thus progressed directly from an unsolicited prerecorded "debt hardship" message to CLG's specific offer of paid professional legal employment.

25. The economic purpose of the call was to procure Plaintiff's employment of CLG for legal services from which CLG stood to collect a fee of more than $26,000.

26. Plaintiff did not sign or otherwise enter into the proposed Legal Services Agreement and did not become CLG's client.

27. Plaintiff's return call, made only to identify the caller, came after the August 10 call had already been placed and did not constitute prior express consent to that call.

**D. Registration and Pre-Suit Demand**

28. Plaintiff searched the Texas Secretary of State's telephone-solicitation registration records and found no Chapter 302 registration certificate held by CLG or by any person or entity doing business as National Advisory Center.

29. Neither Defendant held a registration certificate under Texas Business and Commerce Code Chapter 302 at the time of the call.

30. Before filing suit, Plaintiff sent a written demand describing the call and the violations alleged herein.

31. Defendants did not substantively respond to or resolve Plaintiff's demand.

### E. The Relationship Between National Advisory Center and CLG

32. On information and belief, National Advisory Center acted as a lead generator, marketer, or other agent for CLG, and placed the call to generate prospective legal clients for CLG.

33. On information and belief, National Advisory Center acted as a lead generator, marketer, referral source, agent, contractor, or other intermediary in a client-acquisition arrangement through which persons responding to National Advisory Center's solicitations were directed to or solicited for CLG's legal services. The nature of any compensation, lead-purchase, referral, or other financial arrangement between them is presently within Defendants' possession and control.

34. Plaintiff's callback to the number supplied in the National Advisory Center voicemail produced a personalized CLG engagement packet. That sequence shows that the two Defendants operated as parts of a single, coordinated client-acquisition campaign.

35. The contracts, lead-purchase records, compensation arrangements, call records, and communications between CLG and National Advisory Center are within Defendants' possession or control and will be the subject of discovery.

## IV. CAUSES OF ACTION

### COUNT I
### Violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)
### (Artificial or Prerecorded Voice Call to a Cellular Telephone — Against All Defendants)

36. Plaintiff incorporates by reference paragraphs 1–35 as if fully set forth herein.

37. Defendants, directly or through persons acting on their behalf, made or initiated a call to Plaintiff's cellular telephone number using an artificial or prerecorded voice.

38. The call was not made for emergency purposes, and Plaintiff had not provided prior express consent—oral, written, or otherwise—to receive the artificial or prerecorded call.

39. The call violated 47 U.S.C. § 227(b)(1)(A)(iii).

40. National Advisory Center is directly liable as the party that initiated the call. CLG is liable as the seller on whose behalf the call was made, as alleged in Section V below.

41. Under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to $500 for the violation, and up to $1,500 if the Court finds the violation was willful or knowing.

**COUNT II**
**Texas Business and Commerce Code § 305.053**
**(Against All Defendants)**

42. Plaintiff incorporates by reference paragraphs 1–41 as if fully set forth herein.

43. Section 305.053(a) provides a private right of action to a person who receives a communication that violates 47 U.S.C. § 227 or a regulation adopted under that provision, against the person who originates the communication.

44. The August 10, 2026 communication violated 47 U.S.C. § 227(b)(1)(A)(iii), as alleged in Count I.

45. The same communication also violated regulations adopted under § 227, including 47 C.F.R. § 64.1200(c)(2) and (e), because it was a telephone solicitation to a wireless number registered on the National Do Not Call Registry, and, on information and belief, 47 C.F.R. § 64.1200(b)(1), because the prerecorded message did not state at its beginning the name under which the entity responsible for initiating the call is registered to conduct business.

46. National Advisory Center originated the communication. Plaintiff further alleges, on information and belief, that the communication was originated on behalf of CLG as part of the client-acquisition arrangement described above. Plaintiff seeks relief against each Defendant to the extent that Defendant is determined to be a person who originated the communication within the meaning of § 305.053.

47. Under § 305.053(b), Plaintiff is entitled to the greater of $500 for each violation or his actual damages. Under § 305.053(c), if the Court finds Defendants acted knowingly or intentionally, the Court may increase the award to not more than the greater of $1,500 for each violation or three times Plaintiff's actual damages.

48. Plaintiff pleads this Count in the alternative to Count I to the extent the law bars duplicative recovery for the same communication.

**COUNT III**
**Texas Business and Commerce Code §§ 302.101, 302.302, and 302.303**
**(Unregistered Telephone Solicitation — Against All Defendants)**

49. Plaintiff incorporates by reference paragraphs 1–35 as if fully set forth herein.

50. CLG is a "seller" under Texas Business and Commerce Code § 302.001 because the solicitation sought to induce Plaintiff to purchase CLG's legal services. National Advisory Center made the solicitation on CLG's behalf.

51. The August 10, 2026 call was a "telephone solicitation" made to a purchaser located in Texas.

52. Section 302.101 prohibits a seller from making a telephone solicitation from a location in Texas or to a purchaser located in Texas unless the seller holds a registration certificate for the business location from which the solicitation is made.

53. Neither Defendant held such a certificate at the time of the call.

54. Under § 302.051, a person claiming an exemption from Chapter 302 bears the burden of proving it.

55. Under § 302.302(a), a person who violates Chapter 302 is subject to a civil penalty of not more than $5,000 for each violation.

56. Under § 302.303, a violation of Chapter 302 is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17, and Plaintiff may pursue the remedies available under that subchapter.

57. Defendants made at least one unregistered telephone solicitation to Plaintiff, and Plaintiff seeks up to $5,000 for that violation, together with all remedies available through § 302.303.

**COUNT IV**
**Civil Barratry, Texas Government Code § 82.0651(c)–(d)**
**(Against All Defendants)**

58. Plaintiff incorporates by reference paragraphs 1–35 as if fully set forth herein.

59. Plaintiff did not contact either Defendant seeking legal representation and did not ask either Defendant, or anyone acting for them, to call him.

60. National Advisory Center, with intent to obtain an economic benefit, solicited employment by telephone for another, namely CLG, in violation of Texas Penal Code § 38.12(a)(2). To the extent National Advisory Center accepted or agreed to accept money or anything of value to solicit that employment, it also violated § 38.12(a)(6).

61. On information and belief, CLG, with intent to obtain an economic benefit, solicited Plaintiff's employment by telephone through National Advisory Center acting on its behalf, in violation of § 38.12(a)(2). To the extent CLG paid or gave, or offered to pay or give, National Advisory Center money or anything of value to solicit employment, or knowingly financed that

solicitation, CLG also violated § 38.12(a)(4) and (b)(1). The existence and terms of any such arrangement are presently within Defendants' possession and control and will be the subject of discovery.

62. To the extent applicable, the same conduct also violated Rule 7.03 of the Texas Disciplinary Rules of Professional Conduct.

63. The solicitation culminated directly in CLG's own engagement packet and Legal Services Agreement, with a stated fee of $26,065.02, being sent to Plaintiff.

64. Plaintiff did not enter into the legal-services contract that resulted from the solicitation.

65. Section 82.0651(c) authorizes a person who was solicited by conduct violating Texas Penal Code § 38.12(a) or (b), or Rule 7.03, but who did not enter into a contract as a result of that conduct, to sue any person who committed barratry.

66. Under § 82.0651(d), Plaintiff is entitled to recover from each person who committed barratry a penalty of $50,000, his actual damages, and reasonable and necessary attorney's fees. Plaintiff seeks the $50,000 penalty from each Defendant found to have committed barratry.

## V. AGENCY AND VICARIOUS LIABILITY

67. Plaintiff incorporates by reference paragraphs 1–66 as if fully set forth herein.

68. To the extent CLG did not physically place the call, CLG is liable for it under federal common-law agency principles, including actual authority, apparent authority, and ratification. *In re Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574 (2013).

69. CLG received the direct benefit the call was designed to produce: a prospective client presented with CLG's own engagement packet and a fee of more than $26,000.

70. On information and belief, CLG authorized, controlled, or knowingly accepted the benefits of the calling campaign, including by accepting the lead generated by the call and converting it into a personalized engagement packet sent to Plaintiff.

71. Plaintiff will seek leave to amend to add any additional responsible persons or entities identified in discovery.

## VI. DAMAGES SUMMARY

72. Plaintiff pleads the following relief in the alternative where required, and does not seek duplicative recovery for the same act or practice:

| Claim | Basis | Violations | Maximum |
|---|---|---|---|
| Count I | 47 U.S.C. § 227(b)(3) | 1 call | $1,500 |
| Count II | Tex. Bus. & Com. Code § 305.053 | 1 call | $1,500 |
| Count III | Tex. Bus. & Com. Code §§ 302.101, 302.302 | 1 call | $5,000 |
| Count IV | Tex. Gov't Code § 82.0651(d) | Each Defendant proven to have engaged in barratry | $50,000 per Defendant |

## VII. JURY DEMAND

73. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Justin Tatum respectfully requests that Defendants City Law Group, P.C. and John Doe d/b/a National Advisory Center be cited to appear and answer, and that the Court enter judgment for Plaintiff, jointly and severally where permitted by law, awarding:

a. Statutory damages of $500 under 47 U.S.C. § 227(b)(3), trebled to $1,500 upon a finding of a willful or knowing violation;

b. Damages under Tex. Bus. & Com. Code § 305.053 of $500 per violation, increased to $1,500 per violation upon a finding of a knowing or intentional violation;

c. Up to $5,000 per violation under Tex. Bus. & Com. Code § 302.302, and all remedies available through § 302.303;

d. A $50,000 penalty from each Defendant found to have committed barratry, together with actual damages and reasonable and necessary attorney's fees, under Tex. Gov't Code § 82.0651(d);

e. Costs of court;

f. Pre-judgment and post-judgment interest at the maximum lawful rate; and

g. All other relief, at law or in equity, to which Plaintiff may be justly entitled.

Dated: 10/05, 2026

Respectfully submitted,

**Justin Tatum, Pro Se**
4717 Utah Avenue
Tyler, Texas 75704
(469) 901-0700
justintatum212@hotmail.com
**PLAINTIFF PRO SE**